## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES SMITH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| DISCOUNT POWER, INC. a Connecticut corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff James Smith brings this Class Action Complaint against Defendant Discount Power, Inc. ("Defendant" or "Discount Power") to stop Defendant's practice of placing (or having placed on its behalf) telemarketing calls using an artificial or pre-recorded voice to the telephones of consumers nationwide without their prior express written consent, including to those on the National Do Not Call Registry, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the alleged Class, plus court costs and reasonable attorneys' fees as set forth herein.

## **PARTIES**

1. Plaintiff Smith is a natural person over the age of eighteen (18) who resides in Philadelphia, Pennsylvania.

2. Defendant Discount Power is a corporation organized and existing under the laws of the State of Connecticut. Defendant's primary place of business and corporate headquarters is located in Shelton, CT.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

4.      This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant solicits significant business in this District, resides and is headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

## COMMON ALLEGATIONS OF FACT

5.      Defendant is a home energy supplier based in Connecticut.

6.      Unfortunately for consumers, Discount Power casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited pre-recorded calls to consumers without any prior express consent to make these calls.

7.      Defendant (or third parties acting on Defendant's behalf and for its benefit) place these calls to telephones using an artificial, pre-recorded voice without consumers' prior express consent, written or otherwise, in violation of the TCPA.

8.     That is, at no time did Defendant obtain prior express consent from Plaintiff and the alleged Class in writing to receive the calls at issue.

9.     Defendant's telemarketers, acting on behalf of Defendant, for Defendant's benefit, and/or at Defendant's direction and control, made such calls (on information and belief) with Defendant's knowledge and approval, at Defendant's direction, and/or for Defendant's benefit.

10.     As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the alleged Class, it intentionally and repeatedly violated the TCPA in the process.

11.     Defendant's calls were also placed to persons who placed their numbers on the National Do Not Call Registry for the specific purpose of avoidance the nuisance and invasion of privacy caused by Defendant's calls.

## FACTS SPECIFIC TO PLAINTIFF SMITH

12.     Plaintiff Smith is the subscriber to and customary user of the personal landline telephone number ending in 2948.

13.     Plaintiff Smith registered his phone number on the National Do Not Call Registry on or around May 20, 2004.

14.     On approximately October 14, 2021, Smith received a call from the phone number 215-340-1491.

15.     When Smith answered the call, he heard a pre-recorded voice. The pre-recorded voice advised Smith to "press one" if he was interested in receiving a $50 discount on his electric bill. Wanting to know who was calling him, Smith pressed one and was connected to a representative of Discount Power. This call disconnected.

16. Two days later, on October 16, 2021, Smith received a substantially-similar call to the one received on October 14th, this time from the number 215-245-6758. Smith spoke with a representative of Discount Power after "pressing one" and was informed that he would receive a letter in the mail from Discount Power, which he did later that month.

17. Smith provided no prior express written consent to receive these pre-recorded calls from Discount Power.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

> **Pre-recorded No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received a telemarketing call made by Discount Power or any of Discount Power's sub-dealers, vendors, lead generators, or agents either promoting Discount Power's goods or services or that could have resulted in the sale of a Discount Power product, (2) on the person's telephone, (3) using an artificial or pre-recorded voice, and (4) for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call the Plaintiff.

19. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following appropriate discovery regarding, *inter alia*, the size of the class, the

equipment used to dial Plaintiff, and the manner by which Defendant claim any prior express consent was obtained to call Plaintiff.

20.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant or its telemarketers have placed pre-recorded calls to thousands of consumers who fall into the defined Class. The exact number of members of the Class can be identified through Defendant's records (and the records of third parties) and by reference to other objective criteria.

21.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

22.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and his counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

23.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions go to the very heart of the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant and/or its agents made the calls with the use an artificial or pre-recorded voice;

(c)     Whether Defendant and/or its telemarketers systematically made calls to

persons who did not previously provide Defendant with prior express written consent;

(d)    Whether the calls were for telemarketing purposes; and

(e)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

25.    **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Pre-recorded No Consent Class)**

26.  Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27.  Defendant or its telemarketers made pre-recorded calls to telephone numbers belonging to Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining prior express written consent to receive such calls.

28.  By making the pre-recorded calls to Plaintiff and members of the No Consent Class without their prior express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(B).

29.  The calls were for telemarketing purposes and announced the commercial availability of Defendant's products and services.

30.  Neither Plaintiff nor any other member of the proposed Class had any established business relationship with either Defendant.

31.  As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

32.  In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

33.  To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

34.    Defendant and its telemarketers failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a clear and conspicuous disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or pre-recorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

35.    By making unsolicited telephone calls to Plaintiffs and members of the Pre-recorded No Consent Class's telephones without prior express consent, and by utilizing an ATDS and/or pre-recorded or artificial voice, Defendant and its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

36.    To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

37.    As a result of Defendant's unlawful conduct, or the conduct of Defendant's agents on or for Defendant's behalf, Plaintiff and the members of the Pre-recorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

38.    In the even it is determined that Defendant's conduct was willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A.      An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing their counsel as Class Counsel;

B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.      An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

E.      An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

F.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated: May 31, 2023                     **JAMES SMITH,** individually and on behalf of all others similarly situated,


By: _s/_        Stephen Taylor_____
            One of Plaintiff's Attorneys

Stephen Taylor
Lemberg Law LLC

43 Danbury Road
Wilton, CT 06897
staylor@lemberglaw.com
Tel: 203.653.2250.ext.5502
Fax: 203.653.3424

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice admission to be sought*

10